**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| BAC Home Loans Service, L.P., *f/k/a Countrywide Home Loans Servicing, L.P.*, | ) ) ) ) | Civil Action No. 2:19-2530-RMG |
| Plaintiff, | ) ) | **ORDER AND OPINION** |
| v. | ) ) ) | |
| Johnson D. Koola, *et al.*, | ) ) | |
| Defendants. | ) ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") recomending that this action be remanded to the Charleston County Court of Common Pleas. (Dkt. No. 25.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and remands the case to the Charleston County Court of Common Pleas.

**I.     Background**

This is a foreclosure action that BAC Home Loans Servicing, LP ("BAC") filed in July 2010 in the South Carolina Court of Common Pleas in Charleston County. (Dkt. No. 1-2 at 7.) In September 2019, Defendant Koola, proceeding *pro se*, removed the action to the District Court for the District of South Carolina on the basis of diversity of both federal question jurisdiction and diversity of citizenship jurisdiction. (Dkt. No. 1 at 5, 8.)

By way of background, in February 2004, Koola executed a note with Countrywide Home Loans, Inc., and on the same day executed a mortgage as security, which encumbered his principal residence in Mount Pleasant, South Carolina. The "mortgagee" was Mortgage Electronic Registration Systems, Inc. and the lender was Countrywide Home Loans, Inc. Thereafter, the

1

Federal National Mortgage Association (Fannie Mae) became the owner of the debt in 2004. On March 20, 2009, Koola filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code, listing his residence on the schedules. An order discharging debt was issued in the Chapter 7 case, and the case was closed on July 13, 2009. *See Koola v. Ditech Financial, LLC*, No. 2:19-cv-00429-RMG, 2019 WL 7194655, at *1 (D.S.C. Dec. 26, 2019); *see also Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (federal court may take judicial notice of the contents of its own records).

After the discharge order was entered, Koola defaulted on his monthly mortgage payment in November 2009, and BAC filed the foreclosure action on the mortgage against Koola in state court. *See id*. On April 25, 2014, the Honorable Mikell R. Scarborough, Master in Equity for Charleston County, entered an order granting Plaintiff's motion for summary judgment as to Koola's counterclaims, and the South Carolina Court of Appeals affirmed. *See Bank of America, N.A. v. Koola*, No. 2016–UP–071, 2016 WL 640530 (S.C. Ct. App. Feb. 17, 2016). On May 20, 2016, Koola, proceeding *pro se*, removed this state court foreclosure action to this United States District Court. The case was thereafter remanded to state court by Order filed December 28, 2016. *Bank of America, NA v. Koola*, No. 2:16-1634, 2016 WL 7469595 (D.S.C. Dec. 28, 2016), *aff'd*, 691 F. App'x 128 (4th Cir. 2017), *cert. denied*, 138 S.Ct. 1004 (2018). On March 20, 2018, Koola filed a case (case number18-01373-jw) in the United States Bankruptcy Court for the District of South Carolina pursuant to Chapter 13 of the Bankruptcy Code. The Bankruptcy Court dismissed the action on February 13, 2019. Koola filed an appeal to this Court; however, this Court affirmed the Final Orders of the Bankruptcy Court as to the Chapter 13 case and dismissed Koola's appeal. *See Koola v. Ditech Financial, LLC*, 2019 WL 7194655, at *6.

On August 14, 2019, BAC filed a notice of hearing with the Master in Equity in which Plaintiff requested a hearing on the merits and for final judgment in the case. Koola, who claims that BAC did not have standing to file the notice of hearing, did not attempt to raise this issue in the state court, and instead filed the Notice of Removal to this Court. Koola contends that removal is proper pursuant to 28 U.S.C. §§ 1332, 1334, 1446, and 1452, including that removal is proper based on diversity jurisdiction and because the case is related to the Chapter 13 bankruptcy proceeding. BAC has filed a motion to remand, arguing that Koola's Notice of Removal is barred by the doctrine of collateral estoppel; the removal was untimely under 28 U.S.C. § 1446(b); the foreclosure action is not related to any bankruptcy proceeding and therefore is not removable pursuant to 28 U.S.C. § 1334; jurisdictional removal is a precise method and remand is necessary if doubtful; and that Koola should be barred from filing additional removal notices and other frivolous, untimely, and uneconomical motions. (Dkt. No. 7.) Before the Court now is the Magistrate Judge's recommendation that the Court *sua sponte* dismiss the action for lack of jurisdiction, to which Koola filed an objection. (Dkt. No. 28.)

**II.     Legal Standard**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where there are no objections to the R & R, the Court reviews the it to "only satisfy

3

itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and appropriately determined that the Court should *sua sponte* remand this action to the Court of Common Pleas. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) ("If federal jurisdiction is doubtful, a remand is necessary."). "Removal statutes must be strictly construed against removal," *Scott v. Greiner*, 858 F. Supp. 607, 620 S.D. W.Va. 1994), and the district court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction," *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

A district court has subject matter jurisdiction by either federal question jurisdiction, 28 U.S.C. § 1331, or diversity of citizenship, 28 U.S.C. § 1332. As the Magistrate Judge comprehensively dicussed, this Court has neither. First, as to federal question jurisdiction, Koola argues that this foreclosure action is related to his Chapter 13 bankruptcy petition, arising under the United States Code. But the complaint and amended complaint reflect that this aciton is based solely on state law, and no federal question exists over a pleading that "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property." *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006). Similarly, a civil case filed in the district court is related to a bankruptcy matter if its "outcome could conceivably

4

have any effect on the estate being adminsitered in bankruptcy." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, n.6 (1995). Here, however, Koola's Chapter 13 proceeding had already been dismissed by the Bankruptcy Court (and was subsequently affirmed by this Court) before he filed the notice of removal in this case.

As to diversity jurisdiction, a civil action that is removable on that basis "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Although these parties are completely diverse, Kool is a citizen of South Carolina, where the action was originally initiated. As the Magistrate Judge discusses, any argument that BAC waived this forum-defendant rule is immaterial to the analysis because Koola's removal was untimely to begin with. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ."). Relatedly, there is no reaosnable basis to support Koola's contention that removal was timely in that he realized the case could be removed only upon receiving an August 2019 notice of hearing.

Having carefully considered the parties arguments and reviewed the R & R in light of Koola's objections to it, the Court finds *sua sponte* that it lacks jurisdiction over this matter and that it therefore must be remanded to the Charleston County Court of Common Pleas.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 25) as the order of the Court and **REMANDS** this action to the Charleston County Court of Common Pleas.

**AND IT IS SO ORDERED.**

    s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 31, 2020
Charleston, South Carolina